Return Date: JUNE 07, 2018  11:00 AM

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

_____,

VEERASWAMY, VELAPPAN Debtor(s)
----------------------------------------------------------x

Case No. 1-18-42030-CEC
Chapter

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed application of KAREN VEERASWAMY, a hearing will be held before the Hon. CARLA E. CRAIG, Bankruptcy Judge, to consider the motion for an Order granting relief as follows:

CONVERSION TO CHAPTER 7 BANKRUPTCY PROCEEDINGS FOR THE REASONS LISTED ON ATTACHED SUPPORTING PAPERS

Date and time of hearing: JUNE 07, 2018  11:00 AM
Location: U.S. Bankruptcy Court
271-C Cadman Plaza East
Brooklyn, New York 11201-1800
Courtroom # 3529, 3rd Floor

Dated: MAY 14, 2018

Signature: Karen Veeraswamy
Print name: KAREN VEERASWAMY
Address: P.O. BOX 863695
RIDGEWOOD, NY 11386
Phone: 917 620 9359
Email: ammasami@gmail.com

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x     Case 1-18-42030-cec
In Re:


VEERASWAMY, VELAPPAN
                                                                  MOTION TO CONVERT

                                                                  TO CHAPTER 7 BANKRUPTCY

Debtor,
-----------------------------------------------------------x
```

**Honorable Chief Judge Carla E.Craig,**

Karen Veeraswamy, (PRO SE, Creditor and Co-debtor) the undersigned, hereby affirms the following and on May 07, 2018, filed in this case a Proof of Claim for Domestic Support Obligations with this Court.

On April 12, 2018, the Debtor, Velappan Veeraswamy, ahead of a public auction of the marital property that was scheduled on April 13, 2018, filed a petition seeking an Order for relief under the protective provisions of Chapter 13 of Title 11 of the United States Code, (the "Bankruptcy Code").

### PROPERTIES LIST IN DEBTOR'S PETITION

Following is the list of properties listed by Debtor, in his petition:

- 8545 115th St, Richmond Hill, NY 11418-1733

- 8648 122nd St, Richmond Hill, NY 11418-2505

- 29 properties in India into a revocable trust, "Veeraswamy Educational Trust"

All the above properties are marital properties pursuant to NYS Domestic Relations Law (DRL 236 Part B (c))

1

## Domestic Support Obligations

I have been married to the Debtor, Velappan Veeraswamy, for around 28 years and we have two children. Presently there is a matrimonial divorce action pending in Queens Supreme Court.

Queens Supreme Civil Court has ordered Velappan Veeraswamy to pay $5733.33 every month towards domestic support payments. The Court also ordered Velappan Veeraswamy to pay $1500.00 in addition every month towards arrears support payments.

Debtor, Velappan Veeraswamy has NOT made a single payment towards his domestic support obligation for more than three and half a years.

Additionally, Debtor Velappan Veeraswamy is fully controlling the marital properties, collects rent from the marital properties, and uses the proceeds for his own expenses, failed to pay the mortgages and the two properties are in foreclosure proceedings.

Previously, Debtor Velappan Veeraswamy was in this Bankruptcy Court, for the bankruptcy proceeding of Ashand Enterprises, Inc. (Case No. 13-44999)

## CONVERSION OF THIS CASE TO CHAPTER 7

I respectfully request this Honorable Court to convert this case to Chapter 7 based on the 11 U.S. Code § 1307 (c) (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition, and (c) (1) unreasonable delay by the debtor that is prejudicial to creditors.

Debtor, Velappan Veeraswamy, did not even disclose on his petition about the pending matrimonial divorce action and the domestic support obligations and has

NOT made the domestic support obligation that first become payable after the filing of the petition.

Because of the matrimonial divorce action, I, Karen Veeraswamy, co-debtor and creditor, do not intend to continue to co-own any properties with the Debtor, Velappan Veeraswamy. Hence I request conversion to Chapter 7 and liquidation of ALL marital properties. Not liquidating the marital properties will be a very unreasonable delay and prejudicial to me as co-debtor and creditor.

Very Respectfully Submitted,

-

On this 14 day of May 2018

*Karen Veeraswamy*
KAREN VEERASWAMY (PRO SE)
Co-debtor and Creditor
P.O.Box 863695
RIDGEWOOD, NY 11385
TEL: (917)620-9359
Email: ammasami@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS, IA PART 53
------------------------------------------------------------x    Index No.: 12256/11
KAREN VEERASWAMY,
                                                                  Motion Seq. No.: 1
                                            Plaintiff,            Papers Submitted: May 14, 2013

            -against-
                                                                  DECISION/ORDER
VELAPPAN VEERASWAMY,

                                            Defendant.
------------------------------------------------------------x
HON. ANNA CULLEY, A.J.S.C.

The foregoing papers numbered 1 to 4 were read on this motion by defendant for an order seeking to downwardly modify his child support payments. Plaintiff cross-moves for 1) an award of temporary maintenance; 2) temporary custody of the parties' son to the plaintiff; 3) upwardly modifying defendant's child support payments; 4) granting plaintiff exclusive use and occupancy of marital residence located at 85-45 115th Street, Richmond Hill, NY; 5) compelling defendant to comply with outstanding disclosure; 6) compelling defendant to resume health insurance coverage for the plaintiff and the parties' son; 7) granting plaintiff interim counsel fees of $30,000.00; 8) compelling defendant to appear for an examination before trial; 9) ordering consequences if defendant does not obey a disclosure order; and 10) appointing a temporary receiver for a residential/commercial building located at 1114 Ward Avenue, Bronx, NY.

|  | Papers Numbered |
|---|---|
| Motion - Affidavits - Exhibits ................................................................ | 1 |
| Notice of Cross Motion - Affidavits in Opposition - Exhibits ...................... | 2 |
| Reply Affidavit - Exhibit .......................................................................... | 3 |
| Reply Affidavit in Support of Cross Motion - Exhibits ................................ | 4 |

Upon the foregoing papers it is ordered that the motion is determined as set forth herein.

## BACKGROUND

The parties were married on ▮▮▮▮▮▮▮▮ 1990. There are two children born of the marriage; the first child, ▮▮▮▮▮▮▮▮▮▮, born on ▮▮▮▮▮▮▮▮ and the second child, ▮▮▮▮▮ ▮▮▮▮▮▮▮, born on ▮▮▮▮▮▮▮▮.

On or about March of 2011, plaintiff and the two children left the marital home. On May 19, 2011 plaintiff commenced the instant action for divorce.

1

The lesser resulting amount is Step 1 or $45,000 per year or $3,750.00 per month.

As to child support, the court using the above amounts (father's income of $105,000 and mother at $45,000), and capping the income at $136,000.00, the parental child support obligation annually is $34,000.00 or $2,833.33 per month. The non-custodial parent's basic child-support obligation is $23,800.00 and custodial parent's child support obligation is $10,200.00. The non-custodial parents' basic child-support obligation is $1,983.33 per month and the custodial parent's obligation is $850.00 per month. The parties' obligation for un-reimbursed medical expenses and statutory add-ons is 70% father and 30% mother.

An award of temporary maintenance is appropriate so that the non monied spouse can work towards becoming economically independent from his or her former spouse, plaintiff in the instant action is entitled to receive temporary maintenance. *See DiBlasi v. DiBlasi*, 48 A.D.3d 403, 404, 852 N.Y.S.2d 195, 197 (2d Dept. 2008). Accordingly, it is

ORDERED that the branch of the plaintiff's motion seeking an upward modification in child support and maintenance payments is granted and the defendant is directed to pay maintenance in the amount of $3,750.00 per month and child support in the amount of $1,983.33 per month retroactive to the date of the request for an upward modification. Payments are to begin on November 1, 2013. The arrears can be paid at the rate of $1,500 per month or as agreed by the parties by written stipulation.

## PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES

With regard to the branch of the motion seeking attorneys' fees, the court may order one party to pay the other party's attorneys' fees, if justice so requires. DRL § 237(a), (d). To ensure that the "matrimonial scales of justice are not unbalanced by the weight of the wealthier litigant's wallet," courts have commonly held that justice requires an award of attorney's fees to redress "the economic disparity between [a] monied spouse and [a] non-monied spouse." *O'Shea v. O'Shea*, 93 N.Y.2d 187, 190-193, 711 N.E.2d 193, 195 (1999). The party requesting attorneys' fees must provide evidence of the amount requested, and show that they are "entitled to an award under the circumstances." *See Sassano v. Sassano*, 143 A.D.2d 893, 894, 533 N.Y.S.2d 507, 508 (2d Dept. 1988) (holding that attorneys' fees will not be awarded where there is a lack of evidence for the amount requested, and "there is a failure to sustain the burden of proving entitlement to an award under the circumstances"). If attorneys' fees are awarded, it must be

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   Eastern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Name of Debtor:<br>VEERASWAMY, VELAPPAN | Case Number:<br>1-18-42030-cec | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*  2018 MAY -7  A 9: 05

Name of Creditor (the person or other entity to whom the debtor owes money or property):
KAREN VEERASWAMY

RECEIVED   **COURT USE ONLY**

Name and address where notices should be sent:
P.O. BOX 863695  RIDGEWOOD, NY 11386

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Telephone number: (917) 620-9359     email: ammasami@gmail.com

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:         email:

**1. Amount of Claim as of Date Case Filed:**   $           246,533.19

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** DOMESTIC SUPPORT OBLIGATIONS
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as:<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim: $ _____

Annual Interest Rate _____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$ _____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  KAREN VEERASWAMY
Title:
Company:
Address and telephone number (if different from notice address above):

(Signature) *Karen Veeraswamy*    (Date) 05/04/2018

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.