Lori Lapin Jones, as Chapter 7 Trustee
98 Cutter Mill Road- Suite 201 North
Great Neck, New York 11021
Telephone: (516) 466-4110

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                              Chapter 7

VELAPPAN VEERASWAMY,                         Case No.: 18-42030 (CEC)

        Debtor.
-------------------------------------------------------------x

## APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE TRUSTEE

The application ("Application") of Lori Lapin Jones, as Chapter 7 Trustee ("Trustee") of the estate of Velappan Veeraswamy ("Debtor"), seeks entry of an Order of the Court approving the employment of LaMonica Herbst & Maniscalco, LLP ("LH&M") as her counsel, effective as of September 17, 2018, and respectfully represents and alleges:

### BACKGROUND

1.      On April 12, 2018 ("Petition Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 13 of Title 11 of the United States Code ("Bankruptcy Code").

2.      On May 14, 2018, a motion to convert the Debtor's case to a case under Chapter 7 of the Bankruptcy Code was filed by Karen Veeraswamy ("Motion to Convert"). See Dkt. No. 16.

3.      Following an initial hearing on June 12, 2018 and an evidentiary hearing conducted on August 2, 2018, the Court entered an Order converting the Debtor's case to a case under Chapter 7 of the Bankruptcy Code on August 2, 2018. See Dkt. No. 44.

4.      Lori Lapin Jones was appointed as the Chapter 7 Trustee of the Debtor's estate.

5.  On September 17, 2018 ("Retention Date"), the Trustee contacted LH&M to represent her in this case.

## RELIEF REQUESTED

6.  By this Application, the Trustee seeks to employ LH&M as her counsel in this case effective as of the Retention Date. In support of the Application, the Trustee submits the annexed affidavit of Holly R. Holecek, Esq., a partner of LH&M ("Affidavit").

7.  In connection with the Motion to Covert, allegations concerning the Debtor's assets, liabilities and lack of candor with this Court were raised. Among other assets, the Debtor appears to own multiple real properties, including properties in New York and India, and has an interest in certain funds being held in an IOLA account in connection with a pending matrimonial action. The Trustee believes that it is necessary to employ counsel in this case to assist her in carrying out her fiduciary obligations and has selected LH&M as her counsel.

8.  Subject to further Order of this Court and without limitation, LH&M will render the following services to the Trustee and the Debtor's estate:

   a.  Assist the Trustee with an investigation into, and if appropriate the liquidation of, the Debtor's non-exempt assets;

   b.  Investigate and advise the Trustee as to the existence of any claims or causes of action that can be pursued for the benefit of the Debtor's estate;

   c.  Assist the Trustee in the pursuit and recovery of any voidable transfers of the Debtor's assets under, inter alia, sections 544, 546, 547, 548 and 550 of the Bankruptcy Code, and the New York State Debtor Creditor law;

   d.  Prepare, file and prosecute motions objecting to claims, as directed by the Trustee, that may be necessary to complete the administration of the Debtor's estate;

   e.  Prepare and file motions and applications as directed by the Trustee in connection with her statutory duties; and

   f.  Perform legal services in connection with the Trustee's statutory duties.

9. The Trustee seeks to employ LH&M on an hourly basis. As set forth in the Affidavit, LH&M's current hourly rates are as follows: (a) up to one hundred and seventy five dollars ($175.00) for para-professionals; (b) up to four hundred and fifteen dollars ($415.00) for associates; and (c) up to five hundred and ninety-five dollars ($595.00) for partners.

10. As set forth in the Affidavit, LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York and Orders of the Court.

11. To the best of the Trustee's knowledge, LH&M has no connection with any interested parties in this case.

12. To the best of the Trustee's knowledge, LH&M does not hold or represent an interest adverse to the Debtor's estate.

13. The Trustee believes that LH&M is well-qualified to act as her counsel and to represent her as the Trustee in this case.

14. Prior to the Retention Date, LH&M did not render any professional services to the Trustee in this case. LH&M represents or has represented Lori Lapin Jones in other matters unrelated to this case, including representing Lori Lapin Jones in those cases in which she serves (or has served) as Chapter 7 Trustee, Chapter 11 Trustee, Examiner, Liquidation Trustee and Plan Administrator.

15. To the best of the Trustee's knowledge, LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does

not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

16. LH&M has not been paid or promised compensation in contemplation of, or in connection with, the services to be performed for the Trustee in this case.

17. No prior application has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests entry of the Order authorizing the retention of LaMonica Herbst & Maniscalco, LLP as counsel to the Trustee effective as of the Retention Date.

Dated: September 30, 2018
       Great Neck, New York

*s/ Lori Lapin Jones*
Lori Lapin Jones, as Chapter 7 Trustee
98 Cutter Mill Road, Suite 201 North
Great Neck, New York 11021
Telephone: (516) 466-4110

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 7

VELAPPAN VEERASWAMY,                          Case No.: 18-42030 (CEC)

     Debtor.
------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL TO THE TRUSTEE**

STATE OF NEW YORK  )
          ) ss.:
COUNTY OF NASSAU   )

HOLLY R. HOLECEK, ESQ., being duly sworn, deposes and says:

  1.  I am a partner of the law firm of LaMonica Herbst & Maniscalco, LLP ("LH&M"), which maintains its offices at 3305 Jerusalem Avenue, Wantagh, New York 11793. I am duly admitted to practice law before this Court and the courts of the State of New York.

  2.  I submit this affidavit in support of the application of Lori Lapin Jones, the Chapter 7 Trustee ("Trustee") of the estate of Velappan Veeraswamy ("Debtor"), seeking entry of an Order of this Court approving the employment of LH&M as her counsel effective as of September 17, 2018 ("Application").

  3.  Unless otherwise stated in this affidavit, the facts set forth herein are based upon personal knowledge, my review of information on the docket in this case, as well as information that has been provided to me. To the extent any information disclosed herein requires the subsequent amendment or modification of this affidavit upon LH&M's completion of further review and analysis or as additional party-in-interest information becomes available to it, a

supplemental affidavit disclosing such information will be filed with the Court reflecting such amended or modified information.

4. LH&M possesses the requisite experience and expertise to advise the Trustee as her counsel in this case. LH&M has extensive experience representing Chapter 7 and Chapter 11 trustees, and is well versed in the Chapter 7 process. LH&M is prepared to advise and assist the Trustee in her administration of the Debtor's estate. I will be primarily responsible for LH&M's representation of the Trustee in this case.

5. To the best of my knowledge, after due inquiry, neither I, LH&M, nor any partner, counsel or associate of LH&M represents any entity or party in interest other than the Trustee in connection with this case.

6. To the best of my knowledge, LH&M is not connected with the Debtor, the Debtor's creditors, other parties in interest, their attorneys or accountants, the United States Trustee or any person employed by the Office of the United States Trustee.

7. To the best of my knowledge, LH&M does not, by reason of any direct or indirect relationship to or connection with the Debtor or other parties in interest, hold or represent any interest adverse to the Debtor or to the Debtor's estate.

8. LH&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that LH&M: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

9. In preparing this Affidavit, I used a set of procedures developed by LH&M to ensure compliance with the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a trustee under the Bankruptcy Code. I, along with partners, conducted a search of LH&M's client database to determine whether LH&M had any relationships with the Debtor. We reviewed, among other things, the list of the Debtor's creditors, the docket sheet in this case and all appearances in this case. My review has indicated that LH&M does not represent, and has not previously represented, the Debtor in matters related or unrelated to this case. In addition, LH&M has no connection to the Debtor's business entities including Ashand Enterprises, Inc.[1], V. Veeraswamy Realty or Veeraswamy Educational Trust. I do not believe that LH&M holds or represents an interest adverse to the Debtor or his estate.

10. LH&M does represent and has represented Lori Lapin Jones as a fiduciary in other matters unrelated to this case.

11. LH&M regularly updates its client database, and does not open any new matter without reviewing the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. LH&M will continue to apply the conflicts and disclosure procedures to this case as additional information concerning entities having a connection with the Debtor is developed and will file appropriate supplemental disclosure with the Court, as necessary.

12. LH&M will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York and Orders of the Court.

---

[1] Ashand Enterprises, Inc. confirmed a Chapter 11 plan in the Court on or about May 6, 2014 and its case was closed on March 31, 2015. See Case No.: 13-44999.

13. LH&M's current hourly rates are as follows: (a) up to one hundred and seventy five dollars ($175.00) for para-professionals; (b) up to four hundred and fifteen dollars ($415.00) for associates; and (c) up to five hundred and ninety-five dollars ($595.00) for partners.

14. Neither I, nor LH&M, nor any partner or associate thereof has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with this case other than as permitted by the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York.

15. LH&M has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among partners of LH&M.

*s/ Holly R. Holecek*
Holly R. Holecek

Sworn to before me this 4th day of October 2018

*s/ Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2021